The Full Commission has reviewed the prior Opinion and Award based on the record of the proceedings before Deputy Commissioner Morgan S. Chapman. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, or to amend the prior Opinion and Award.
Form 21 and 26 agreements have been approved in the case and are incorporated by reference.
* * * * * * * * *
The Full Commission finds as a fact and concludes as a matter of law the following, which was entered into by the parties at the hearing on 19 February 1995 as a:
STIPULATION
Defendants paid compensation for temporary total disability from September 29 to 30 October 1994 and from 30 January to 5 March 1995.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff began working for defendant-employer on 24 February 1994. In August 1994 she began to notice sharp pains in her right wrist which would go up to her elbow. She went to the company nurse and later saw several doctors. Apparently nerve conduction studies revealed carpal tunnel syndrome. Defendants then sent her to Dr. Subin. The nature of his treatment is unknown since no medical reports were placed into evidence, but plaintiff became dissatisfied with whatever treatment he rendered. Defendants then allowed her to see a doctor of her choice for evaluation, so she went to Dr. Brenner. After his examination, she received authorization from defendants to see him for further care.
2. Plaintiff began missing time from work due to her right wrist condition on 29 September 1994. Defendants subsequently executed a Form 21 agreement which was approved by the Industrial Commission. Accordingly they admitted liability for benefits under the Workers' Compensation Act for her right wrist condition and began paying compensation to her for temporary total disability.
3. After a period of conservative treatment, Dr. Brenner recommended surgery. He operated on plaintiff's right wrist on 30 January 1995. When he examined her on 13 February 1995 she was progressing well, and on 28 February 1995, he released her to return to work effective 6 March 1995, with restrictions for limited use of her right hand and no frequently repetitive hand, wrist or arm motion. Defendant-employer offered her a light duty position in the Tapping Department on a part-time basis and she returned to work on 6 March 1995. The light duty job involved sorting very light small parts according to which screw was missing from the part. The job could be done different ways and she was advised to use whatever method did not bother her. She could also work at her own pace.
4. Plaintiff worked in the tapping position through 20 March 1995 except for two days when she was out with wrist pain. Dr. Brenner saw her on 7 March 1995 and 14 March 1995 and renewed the light duty work release. On 21 March 1995 he indicated that she could continue her current work activity. However, plaintiff did not report for work on that date. She went to a Dr. Kothapalli the next day and on 23 March 1995 went to the medical clinic at the University of North Carolina. Those records were not placed into evidence. Plaintiff then saw Dr. Bevin in Chapel Hill and he took her out of work for seven days, contrary to Dr. Brenner's instructions.
5. Dr. Bevin was not an authorized treating physician. Plaintiff went to him on her own, as she did with Dr. Kothapolli and other physicians she had previously seen. She also later went to Dr. Miles on her own. However, none of the medical records were placed into evidence so the nature of their treatment was not of record. It is also not known to what extent plaintiff returned to Dr. Brenner, the authorized treating physician, for further medical care.
6. On 7 April 1995 Stephen East, the human resource manager, wrote to plaintiff and advised her that if she did not return to work by 11 April 1995 the company would assume that she had abandoned her job. She received his letter on 8 April 1995 and called Mr. East, but she still did not return to work. Consequently, her employment was terminated.
7. The nature of plaintiff's medical treatment thereafter is unknown. She apparently received unemployment benefits while she looked for other work, but she had not returned to work as of the date of hearing.
8. Plaintiff developed a compensable occupational disease for which defendants have admitted liability. Her condition ultimately required surgery which was performed by Dr. Brenner, an orthopedic surgeon whom she chose. As of 6 March 1995 she was capable of performing light duty work, and defendant-employer provided her with work which was suitable to her capacity. She was allowed to use whatever method she chose, she could work at her own pace and she was allowed to work half days. She did not complain of problems with this job to her employer. Despite the fact that she was able to do the job offered, she did not return to work after 20 March 1995. She then sought unauthorized medical treatment because she was not satisfied with Dr. Brenner's care, just as she had been dissatisfied with most of the doctors who had treated her. Since plaintiff had already been seen by multiple doctors and was in the healing period shortly after surgery, evaluations by Dr. Bevin and the other doctors she saw was not reasonably necessary at that time. Her refusal to return to work was therefore not justified.
9. No finding is made regarding whether plaintiff has reached maximum medical improvement or has sustained any permanent partial disability as a result of the occupational disease giving rise to this claim.
* * * * * * * * * * *
Based on the foregoing findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Having refused suitable work without justification, plaintiff is not entitled to further compensation after 20 March 1995. G.S. § 97-32.
2. Plaintiff is entitled to have defendants provide all medical compensation arising from this injury by accident. However, she is not entitled to have defendants provide unauthorized medical treatment. G.S. § 97-2(19); G.S. § 97-25.
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following
AWARD
1. No additional compensation is awarded.
2. Defendants shall pay all medical expenses incurred by plaintiff from authorized physicians as a result of this injury by accident.
3. Each side shall pay its own costs.
 S/ ________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ _________________ DIANNE C. SELLERS COMMISSIONER
S/ _________________ COY M. VANCE COMMISSIONER